UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRVIN LEE GREENE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>MARGARET GILBERT,<br><br>　　　　　　Respondent. | CASE NO. C14-5111 BHS-JRC<br><br>ORDER |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner seeks relief from a state conviction, thus, the petition is filed pursuant to 28 U.S.C. § 2254.

Petitioner has filed six motions over the last two months that are ripe for review (Dkt. 6, 13, 14, 18, 19, and 22).  Petitioner's seventh motion, (Dkt. 20), is not ripe for review until April 18, 2014.  Respondent has answered the petition and argues that petitioner did not exhaust any claim in state court and he is now procedurally barred from proceeding (Dkt. 11).  Respondent has also responded to the pending motions (Dkt. 17, and 24).  In this order, the Court will

ORDER - 1

address the majority of petitioner's motions. One of petitioner's motions (Dkt. 14), contains a requests for a transfer to another facility. The Court must address this motion in a Report and Recommendation that will be considered by the district court. *See* 28 U.S.C. § 636(b)(1)(A). The Court will address petitioner's request for appointment of counsel (Dkt. 14) in this order.

1. Expansion of the record.

Petitioner asks the Court to order that respondent provide him with transcripts of his pretrial matters (Dkt. 6). Petitioner's argument is that he was not allowed to attend a pre trial hearing where the trial court ordered a mental health evaluation (*id*.). The United States Supreme Court stated that "there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971).

Two factors "are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Britt*, 404 U.S. at 227. "A defendant who claims the right to a free transcript does not, under our cases, bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by a court in hindsight." *Id*. at 228.

Respondent argues that petitioner failed to exhaust any ground for relief in state court and that petitioner cannot return to state court to exhaust his grounds for relief (Dkt. 11). Respondent does not address any of petitioner's grounds for relief on the merits (*id*.). Prior to addressing the merits, the Court must consider the issue of procedural bar. The Court cannot normally grant habeas relief on any issue that petitioner did not exhaust. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the courts of the state; or
(B) (i) there is an absence of available state corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). If petitioner shows that any issue regarding prehearing matters has been properly exhausted he may renew his motion for transcripts. However, the Court must first consider if the petition is procedurally barred. Ordering transcripts for an issue that may be procedurally barred is unnecessary. The motion to expand the record (Dkt. 6), is denied without prejudice.

2. Motion for production of his entire central file.

Petitioner asks the Court to order respondent to provide him with a copy of his entire prison central file (Dkt 13). Petitioner should be able to view his central file by contacting his counselor and making arraignments with the prison to see his file. Respondent confirms the Court's belief that petitioner may request to view his file (Dkt. 17, p. 2). Petitioner fails to show any reason for the Court to order the Department of Corrections or respondent to reproduce the file. This motion is denied with prejudice.

3. Motion for an additional time to file a reply.

Petitioner asks the Court to grant him additional time to file a reply, but he does not specify how much time he wants (Dkt. 18). Petitioner argues that he is having a number of difficulties with prison staff regarding access to courts. Respondent does not object to petitioner's request (Dkt. 24, p. 2). The Court grants petitioner's motion. Petitioner's traverse or reply will be due on or before June 20, 2014. The Court on its own motion re-notes this matter as being ripe for consideration on June 27, 2014.

1   4.  Motions for orders to serve respondent.

2   Petitioner filed two motions asking the Court to serve respondent, but respondent has

3 responded to petitioner's motions. There is nothing for the Court to serve on respondent.

4 Accordingly, the Court denies petitioner's motions (Dkt. 19 and 22).

5   5.  Motion for appointment of counsel.

6   Petitioner asks the Court appoint Jean Schielder Brown & Associates to represent him in

7 this matter (Dkt. 14, p.4). There is no right to have counsel appointed in cases brought under 28

8 U.S.C. § 2254 unless an evidentiary hearing is required, because the action is civil, not criminal,

9 in nature. *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1991) (*citing McCleskey v. Zant*, 499

10 U.S. 467, 495 (1991)); *see Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) ("There is simply

11 no constitutional right to an attorney in a state post-conviction proceeding."); *see also Terrovona*

12 *v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

13   Petitioner has failed to show appointment of counsel is required in this case. The Court

14 denies his motion for appointment of counsel.

15   Dated this 15th day of April, 2014.

                 J. Richard Creatura
                 United States Magistrate Judge