UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRVIN LEE GREENE,

          Petitioner,

    v.

MARGARET GILBERT.

          Respondent.

CASE NO. C14-5111 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
MAY 9, 2014

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction, thus, the petition is filed pursuant to 28 U.S.C. § 2254.

Petitioner asks that the Court order the Washington State Department of Corrections to transfer him to another facility with an Intensive Management Unit (Dkt. 14). Respondent filed a response to the motion (Dkt. 17). The Court recommends denial of petitioner's request because petitioner fails to show any irreparable injury and because he has no right to be at a particular prison

STANDARD OF REVIEW

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as a right. *Munaf v. Geren*, 553 U.S. 674, 689–90, (2008) (citations and quotation omitted).

REPORT AND RECOMMENDATION - 1

Instead, the Court must "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008) (*quoting Amoco Production Company v. Gambell*, 480 U.S. 531, 542 (1987)). A party seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury if injunctive relief is not granted, (3) a balance of hardships favoring granting the motion, and (4) advancement of the public interest. *Winter*, 555 U.S. at 20.

The Prison Litigation Reform Act imposes additional limits on prospective relief:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (i)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "N]o longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir.2000).

## DISCUSSION

Respondent has filed an answer arguing that petitioner failed to exhaust his state remedies and is procedurally barred from proceeding in this action (Dkt. 11). Petitioner has not addressed this issue or shown any likelihood of success on the merits.

Petitioner has no right to be held in any particular prison or at any particular custody level. *Hewitt v. Helms*, 459 U.S. 460, 467-68 (1983), *overruled on other grounds*, *Sandin v. Conner*, 515 U.S. 472, 473 (1995); *Olim v. Wakinekona*, 461 U.S. 238 (1983). This is true even if the transfer results in a "grievous loss." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Further, an inmate does not have a right to be free from administrative segregation. *Smith v. Noonan*, 992

REPORT AND RECOMMENDATION - 2

1  F.2d 987, 989 (9th Cir. 1993).  Petitioner fails to show that his legal needs cannot be met at the

2  Clallam Bay Corrections Center Intensive Management Unit.  Thus, petitioner fails to show

3  irreparable injury if the injunction is denied.

4      The Court recognizes that there is a line between what relief is available in a habeas

5  corpus action and what relief must be sought through a civil rights action.  Petitioner's request to

6  transfer to another prison does not address fact or duration of confinement and would normally

7  be a matter addressed in the civil rights context.  Thus, the public interest does not favor granting

8  injunctive relief of this nature in a habeas corpus proceeding.  For the above reasons the Court

9  recommends denial of petitioner's motion (Dkt. 14).

10      Petitioner has another motion for injunctive relief pending in which he requests

11  documents from his legal file (Dkt. 20).  Petitioner's second request is not ripe for consideration

12  until April 18, 2014.

13      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

14  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

15  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

16  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

17  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May,

18  2, 2014, as noted in the caption.

19      Dated this 14th day of April, 2014.

                                              J. Richard Creatura
                                              United States Magistrate Judge