1
2
3
4
5
6
7
8                                  UNITED STATES DISTRICT COURT
                                  WESTERN DISTRICT OF WASHINGTON
9                                             AT TACOMA

10    IRVIN LEE GREENE,

11                            Petitioner,              CASE NO. C14-5111 BHS-JRC

12          v.                                         ORDER TO EXPAND THE RECORD
                                                       AND PROVIDE ADDITIONAL
13    MARGARET GILBERT.                                BRIEFING

14                            Respondent.

15          The District Court has referred this petition for a writ of habeas corpus to United States

16   Magistrate Judge J. Richard Creatura. The District Court's authority for the referral is 28 U.S.C.

17   § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner seeks

18   relief from a state conviction. Petitioner filed his petition pursuant to 28 U.S.C. § 2254.

19          Respondent argues that this petition is procedurally barred (Dkt. 11). Petitioner's

20   handwriting is difficult to read and his pleadings are not a model of clarity. Nevertheless, after

21   careful review of the record, the Court agrees with respondent that three of petitioner's four

22   grounds for relief are procedurally barred. But the Court remains unconvinced regarding

23   petitioner's second ground for relief.  Specifically, whether petitioner's Sixth Amendment Right

24

ORDER TO EXPAND THE RECORD AND
PROVIDE ADDITIONAL BRIEFING - 1

1    to be present at the July 8, 2010, pre trial hearing was violated.  The State Court did not address

2    this ground for relief as a claim involving petitioner's Sixth Amendment right to be present.

3         In his personal restraint petition, petitioner stated:

4         Ground #1] I argu [sic] ineffective assistance counsel, claiming the main reason
          for the initial conflict was on July 8th then pre trial counsel Aaron D. Talney

5         whom through [sic] the States [sic] prosecution Niel Horibe threaten me if I did
          not take a plea deal for the statutory amount of 40 to 60 months that the

6         prosecutor was going to add two amended counts of felony harassment, and
          felony stalking. I claim this was on July 8th, 2010 in the copy interview room.

7         Note: This was supposed to be an ominibus review, **I further argu [sic] I was
          not present when that order was sined [sic] by the judge, I do not know, or**

8         **seek what Judge signed the order.**

9    (Dkt. 12, Exhibit 7, p. 6 (emphasis added)).  Petitioner goes on to state he is raising the issue as a

10   Sixth Amendment violation although he couches it in terms of counsel violating his Sixth

11   Amendment right to effective assistance of counsel (*id.*). The Court requires further briefing

12   from respondent on this issue.

13        When the Washington State Court of Appeals consolidated petitioner's direct appeal and

14   personal restraint petition and entered the order affirming petitioner's judgment and sentence, the

15   court only addressed petitioner's claim that his right to the effective assistance of counsel under

16   the Sixth Amendment had been violated (Dkt. 12, Exhibit 2).  The court did not address whether

17   or not petitioner's Sixth Amendment right to be present had been violated (*id.*).

18        Petitioner, in his motion for discretionary review stated:

19        1st Arron D. Talney of Department of Assigned Counsel violated these 3-rights
          on July 8, 2010 at my omnibus hearing by waiving my appearance in front of the

20        court, to be in or to appear in person.  For Due Process and Sixth Amendment.  A
          "Rule 4.3B presents required the prosecuting attorney, defense counsel, and

21        defendants shall be required to attend the pre-trial hearing."  Wrote in my
          personal restraint petition I was not in the court room and had motioned the

22        prosecutor, the Judge to signed [sic] an order without regard to my due due [sic]
          process right which delayed my trial and speedy trial.....

23

24

1    (Dkt. 12, Exhibit 9, p. 6).  The Washington State Supreme Court denied review without comment

2    (Dkt. 12, Exhibit 10).

3        In his federal habeas corpus petition, petitioner states in his second ground for relief:

4        I contend I was violated [sic] the right to attend pre trial hearing.

5        (a) Supporting facts – I did not upon assignment of counsel from the Dept. of
Assigned counsel trust [sic], and I attempted to ask the court for other counsel other

6    than assigned counsel Aaron D. Talney. This was on July 8th, 2010 at [not legible] a
scheduled pretrial hearing. I argu [sic] this attorney violated my right to presence

7    [sic]to a pretrial hearing, what, when, I told my Aaron D. Talney counsel I wanted to
address address [sic] the court, so this attorney notice [sic] the judge with the

8    prosecutor to sign order of competency [sic] examination.

9    (Dkt. 4, p. 6).

10        The Court asks the parties for further briefing on whether petitioner properly exhausted

11    this claim, whether the claim is procedurally barred, and whether the records or transcripts of the

12    pretrial proceedings provide any information regarding why petitioner was not present and in

13    court for the July 8, 2010 hearing.

14        The Court asks respondent to provide the hearing transcript from July 8, 2010, when the

15    court signed an order sending petitioner to Western State Hospital. Respondent may also provide

16    additional briefing, not to exceed twenty-pages, explaining whether she believes this issue was

17    properly raised or is procedurally barred.  Respondent's briefing will be due on or before **August**

18    **8, 2014**.

19        Petitioner may submit a responsive brief, not to exceed twenty-pages, on or before

20    **August 29, 2014**.  Petitioner's brief should only address the issues discussed in respondent's

21    briefing.

22        Respondent may submit a reply, not to exceed ten pages, on or before **September 5,**

23    **2014,** and this matter is re-noted for consideration on that date.

24

1          Petitioner filed a traverse and several motions asking for return of legal property, asking

2   the Court to serve documents, or to furnish copies and counsel (Dkt. 20, 27, and 29). Based on

3   the above ruling, the Court denies petitioner's pending motions without prejudice.

4          Dated this 30th day of June, 2014.

J. Richard Creatura
United States Magistrate Judge