1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

IRVIN LEE GREENE,

Petitioner,

v.

MARGARET GILBERT.

Respondent.

CASE NO. C14-5111 BHS-JRC

REPORT AND
RECOMMENDATION

NOTED FOR:
NOVEMBER 7, 2014

17

18

19

20

21

22

23

24

The District Court has referred this petition for a writ of habeas corpus to United States

Magistrate Judge J. Richard Creatura. The District Court's authority for the referral is 28 U.S.C.

§ 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks

relief from a state conviction. Petitioner filed his petition pursuant to 28 U.S.C. § 2254.

The Court recommends denying the petition. Petitioner has failed to exhaust properly his

grounds for relief because he did not raise the same issue, or did not raise the issue on the same

1  facts at all levels of state review (Dkt No. 12, Exhibit 7 and 9).  Because petitioner cannot return

2  to state court, petitioner's grounds for relief are procedurally barred.

3  <u>BASIS OF CUSTODY</u>

4  A Pierce County jury found petitioner guilty of one count of stalking-domestic violence

5  and one count of felony harassment-domestic violence.  On June 17, 2011, the trial court

6  sentenced him to 60 months incarceration (Dkt 12, Exhibit 1).

7  <u>FACTS</u>

8  The Washington State Court of Appeals summarized the facts surrounding petitioner's

9  convictions as follows:

10  Carol Marie Unkrur, a Sound Transit light rail train operator, met Irvin Lee
    Greene when he approached her at work to file a complaint about a security guard.
11  Greene road the train a couple more times, became acquainted with Unkrur, and
    later began a romantic relationship with her. Shortly thereafter, Unkrur ended their
12  relationship approximately when Greene became "aggressive" and began showing
    up at her work, calling her names like "whore" and "dumb b*tch" and accusing her
13  of sleeping with other men. Verbatim Report of Proceedings (May 11, 2011) at 89.

14  On August 14, 2009, Greene called and texted Unkrur several times while
    she was out of town with her 15-year-old daughter; Unkrur refused to take his
15  calls. Believing Greeene[sic] would not stop calling her until she answered her
    phone, Unkrur called Greene back when she returned home that evening. Greene
16  asked, "Where are you at?" Unkrur responded, "I'm at home." Greene replied,
    "Well, I'm in your backyard." VRP (May 11, 2011) at 90. Unkrur knew that
17  Greene was capable of harming her because he had been boxing since his early
    teens, he was a licensed professional boxer, and he had previously told her that he
18  had once put a woman in a "headlock." VRP (May 11, 2011) at 109. Wanting to
    keep Greene away from her daughter, Unkrur took him back to his house in
19  Tacoma, where Greene told Unkrur he loved her. Unkrur responded, "No, I'm
    done with this. I'm done. Don't call me anymore." VRP (May 11, 2011) at 91.
20
21  But Greene began contacting Unkrur again within six hours. The next
    morning, he showed up at her work. Concerned for her safety, Unkrur informed
22  her supervisor, who assigned her to a different work station at the Tacoma Dome
    and required that another train operator and a security guard to be with her. Later
23  that day, Greene showed up at the Tacoma Dome station, got off the bus, made a
    loop around, reboarded again one or two buses later, and left Unkrur a text
24  message, stating, "What is it now? Why are you getting other people involved?" VRP
    (May 11, 2011) at 94. Pierce Transit issued a "no trespass" order against Greene,

REPORT AND RECOMMENDATION - 2

preventing him from riding the buses and looking for Unkrur. VRP (May 11, 2011) at 94.

Greene then began calling Unkrur late at night and leaving voice messages describing the contents of her apartment and stating: (1) "You know, you are not at your place"; and (2) "You are not at home. You left your lights on." VRP (May 11, 2011) at 92. Not wanting to be alone, Unkrur asked a male friend, Dan, to stay at her apartment; her daughter was also afraid to sleep in the apartment and began staying with family members. In mid-September, Unkrur moved out of her apartment because she was afraid that Greene would return and harm her or her daughter.

On September 4, Unkrur obtained a temporary protection order against Greene. Six days later, he violated it. On September 14, Unkrur obtained a two-year "no contact" protection order, prohibiting Greene from coming near her or having any contact with her. On January 6, 2010, Greene pleaded guilty to two counts of violating this protection order. As part of his sentence, the trial court issued a second "no contact" protection order prohibiting Greene from contacting Unkrur for two years.

Approximately two months later, on March 16, Greene sent Unkrur a text message, (1) instructing her to "[c]all" him because he was not "pissed" anymore; and (2) threatening "to put Dan in the hospital" if Unkrur did not return his phone calls. VRP (May 11, 2011) at 98, 99, 102. Concerned for Dan's safety, Unkrur met with Greene "to calm [him] down." VRP (May 11, 2011) at 102. A day or two later, Greene started calling and texting Unkrur again, thereafter persisting in calling or texting her multiple times a day. He sent her pictures of his penis and threatened her with text messages, stating: (1) "What's this kills your white *ss slut *ss let me send you this show the punk this"; and (2) "Ain't seen you all day"; (3) "Move out of town you lost privileges;" (4) "I was thinking to myself you don't have to bother calling you are scared . . . I am f*cked now you be"; (5) "Wanna play Chuckie"; and (6) "I know where you live now. I know where you now live." VRP (May 12, 2011) at 132, 138, 141, 142, 174, 158.

Unkrur tried to block Greene's calls; but he showed up at her work. She then kept in contact with him because she thought it was safer to talk to him over the phone than to have him show up unannounced at work.

In April, Greene threatened to hurt a passenger on Unkrur's train. She filed an incident report with the police and reported Greene for having violated the no contact protection order. On April 18, Greene left Unkrur a disturbing voicemail, threatening to kill her and "to *cut [her] head off*." VRP (May 12, 2011) at 204 (emphasis added). On May 15, he suggested in a text message that he was ready for a stand off with the police, stating, "I'm ready for anything them and the cops you owe me and I owe you. Chuckie." VRP (May 11, 2011) at 161. Two days later, he left Unkrur 22 voicemails and 11 text message in a three-hour period. On May 18, Greene left Unkrur another threatening message, this time stating, "I

know who he is now. *I'm going to take care of him. Then I'm going to come after you.*" VRP (May 11, 2011) at 106 (emphasis added).

Unkrur took these threats "seriously" because she knew he was capable of carrying out his threats. VRP (May 12, 2011) at 205. She filed second incident report with the police and again reported Greene for having violated the no contact protection order. The police took a taped statement from Unkrur, recorded her voicemails, and photographed her cell phone to document Greene's text messages.

## II. PROCEDURE

The state initially charged Greene with five counts of violating a domestic violence court order. On February 14, 2011, the State filed an amended information, adding one count of stalking and one count of felony harassment. Greene was rearraigned on the amended information the same day. This amended information did not include the words that Greene's "threat to kill" in his felony harassment charge must have been a "true threat." *See* Clerk's Papers (CP) at 66. But Greene did not object to the language of the amended information on this ground either before or during trial.

At trial, the State's witnesses testified to the facts previously described. The trial court instructed the jury on the law. The felony harassment "to convict" instruction did not mention that Greene's "threat to kill" must be a "true threat." CP at 142 (Instruction 28). Greene, again, did not object to this instruction or propose an alternate felony harassment "to convict" instruction. *See* VRP (May 16, 2011) at 223-27, 231-36 (objecting and taking exception only to the State's proposed instruction on stalking). Nevertheless, the trial court gave the jury a separate instruction defining "true threat," to which Greene did not object. CP at 140. (Instruction 26).

The jury found Greene guilty of staking and felony harassment. Greene appealed his two convictions.

(Dkt. 12, Exhibit 2, (footnotes omitted)).

## PROCEDURAL HISTORY

The jury could not reach a verdict on the five counts of violating a domestic violence court order. The court declared a mistrial dismissing those five counts without prejudice (Dkt. 12, Exhibit 2, p. 7 fn 2). The same jury returned the guilty verdict on the one count of staking and one count of felony harassment   Petitioner filed both a direct appeal and a personal restraint petition. The Washington State Court of Appeals combined its decision on petitioner's

challenges to the conviction and sentence into one decision.  *See*, (Dkt. 12, Exhibit 2, (combined opinion)).  In the direct appeal petitioner's counsel raised the following issues:

> 1.   Is the fact that a threat is a "true threat" an essential element of the crime of harassment? (Assignment of Error 1)
>
> 2.   Where due process requires the essential elements of a criminal charge to be pled in the information and included in the "to convict" instruction, is the fact that a threat must be a "true threat" an essential element of the crime of harassment which must be pled in the charging document and included in the "to convict" instruction? (Assignment of Error 1)

(Dkt. 12, Exhibit 3, p.1).

In petitioner's statement of additional grounds he raised the following grounds:

Additional Ground 1

I ask the court to vacate my sentence and conviction on felony harassment, an [sic] felony stalking, based on the record of what happen [sic] in both pre-trial, and the trial. I am claiming both the State and the trial court errd [sic] by wrongly convicting me, based on the State failed to arrainge [sic] me on the amended information.

I argue reason for ground # 1 for (A.) The State failed to initially fail to at all to arrainge [sic] me with the amended counts. [1. June 1st 2010 I was arrainged [sic] on 5 counts of DV, no contact order, and no other counts. *See* attached document.

(2) The State failed in the month of August to follow order on record and document that if the State intended to charge me with the additional counts they [had] 2-week to do so, this was prior to the August 31st 2010, pre-trial hearing. Refer to pre-trial hearing Judge Linda CJ Lee Presiding.

Additional Ground 2

I asked the court to vacate my sentence and conviction on felony harassment, an [sic] felony stalking, on the grounds the State had insuffiant [sic] evidence, and I feel that I was prejudice [sic] both pre-trial and sentencing. I argue the reason for ground # 2 for (B.) I note in *Knapstad* motion for hearing, were [sic] the trial court granted motion to dismiss case because of insufficient evidence.

Additional Ground 3

I ask the court to vacate my sentence and judgment because I feel that the State had or has the inherent power to dismiss the prosecution before trial for lack of

1    evidence. {not legible} I believe the trial court abused its discretion and inherent
     power for refusing to dismiss my case, due to the lack of evidence. I believe my
2    case should have been dismissed on the same grounds as the procedures in the
     *Knapstad* motion.

3
     Additional Ground 4
4
     I ask the court to vacate my sentence and judgment on the grounds of
5    ineffectiveness of counsel, or to my plurals both terminated counsels, and trial
     counsel failure to file motion on my behalf, upon my strenouse [sic] objection, or
6    continuance, and the insuffiant [sic]evidence the State was relying on did not make
     any attempted [sic] to file the motion to dismiss as in the *Knapstad* motion to
7    dismiss, and to conclude I argu [sic] that the felony harassment, and the stalking
     were not the same offenses, and should have been dismissed at the closed [sic], of
8    my trial.

9    (Dkt. 12, Exhibit 4, pp. 1-2).  A *Knapstad* motion is a pre trial motion challenging the sufficiency

10   of the state's evidence. *State v, Cannon*, 120 Wn. App. 86, 90, 84 P.3d 283 (2004).

11          Petitioner filed another brief titled "Amended Additional Statement of Additional

12   Grounds."  (Dkt. 12, Exhibit 5).  In this document he raises the following grounds for relief:

13        Ground 1:     I am further contending and arguing I was prejudiced [sic] the right
                        to fair proceedings when the court on at least erroneously [sic]
14                      denied my motions to dismiss the charges of 5-counts of DV no
                        contact order because the State did not have sufficient evidence
15                      befor [sic] trial, and should have been granted a showcause
                        hearing, or something of that nature. Date May 5th 2011.
16                      Honorable Edmund Murphy.

17        Ground 2:     I am also arguing that the court should have no [sic] been allowed
                        to sentence me on the two remaining counts base on Stephanie
18                      Cunningham Brief.

19   (Dkt. 12, Exhibit 5).   At the same time that petitioner filed his direct appeal he filed a personal

20   restraint petition (Dkt. 12, Exhibit 7).  It is difficult to read petitioner's hand writing.  The Court's

21   interpretation of the document is that petitioner raised the following grounds for relief in his

22   petition:

23            The Sixth Amendment to the United States Constitution and Article I,
              Section 22, of the Washington Constitution guarantee a criminal defendant the

24

1  right to be represented by counsel. *See: Wheat v. United States*, 486 U.S. 153, 159
   (1988).
2  . . .
3  Ground #1] I argu [sic] ineffective assistance counsel, claiming the main reason for
   the initial conflict was on July 8th then pre trial counsel Aaron D. Talney whom
4  through the States prosecution Niel Horibe threaten me if I did not take a plea deal
   for the statutory amount of 40 to 60 months that the prosecutor was going to add
   two amended counts of felony harassment, and felony stalking. I claim this was on
5  July 8th, 2010 in the copy interview room. Note: This was supposed to be an
   ominibus review, I further argu [sic] I was not present when that order was sined
6  [sic] by the judge, I do not know, or seek what Judge signed the order.
7  [Reason for argument of this 1st Ground is (A.) I feel my then - - - - counsel Aaron
   D. Talney violated my due process rights under Rule 1.3 Attorney Client Privellig
8  [sic] Washington Court Rules. And 2nd Mr. Talney further violated my
   constitutional right under the Sixth Amendment right to counsel. I contend under
9  both of these statues, exspecially [sic] the Sixth Amendment, states I the criminal
   defendant am guarantee the right to effective advocate.
10
11 Ground #2 I further argue and contend because of what I argued in ground #1, I
   was denied speedy trial because of the move he Aaron D. Talney and the State
   Prosecution Niel Horibe {not legible} {not legible} Nelson went in front of the
12 Judge to sign order, and I now want an evidentiary hearing if it was or was not on
   the record.
13
   [Reason for argument of ground #2 is (A.) under *State v. Adhern* A - - - -
14 Defendant in a criminal case is not intitled [sic] to attend omnibus proceedings,
   unless there are some outside circumstances the defendant did not trust in the---
15 proceedings.
16      [See: Referr [sic] to *State v. Ahern* for omnibus order and proceedings:
17 Finally (B.) I contend Aaron Talney inlifdt [sic] of the waste of my speedy trial
   rights, for the total misjudgment to make a decision that was both erroneous and
18 blatentley [sic] harmful {not legible} of the report it self was unessisary [sic].
19 {See: Forensic psychological report {not legible} from Western State Hospital.
20 (C.) [Conclusion of Ground #2] I argu [sic] both my counsel and the court erred
   with discreation [sic] and cite: RCW 1.3 also 6th Amendment to United States
21 Constitution.
22      *Strickland v. Washington*, 466, U.S. 668, 104 S. Ct. 2052 802 Ed. 2d 674 -
   - - -(1984). A Defendant claiming ineffective assistance of counsel must show that
23 counsels actions were not supported by a reasonable strategy and that the errors
   were prejudicial.
24

REPORT AND RECOMMENDATION - 7

Ground #3] I further claim effective assistance of pretrial counsel when the court ordered appointment of special conflict counsel, to file brief in opposition to defense counsel's motion to forfeit counsel.

[Reason for Ground #3 I argu [sic] the claim of ineffective assistance of counsel when conflict counsel Vanessa C. Martin at 1425 Broadway #412 Seattle WA 98122.

(A.) Provided ineffective assistance of counsel when she interviewed me a pre trial motion on 11-29-10 when conflict counsel Vanessa C. Martin moved for motion from for being sealed and the hearing to be sealed. Note: this motion was denied in {not legible} the Honorable Ronald Culpepper presiding. *See* Attached Motion Hearing 11-29-10.

(B.) I further argu [sic] I was mislead by conflict counsel to have the proceedings closed and sealed. Note: These proceeding were not included in the - - - - Verbatim Report. *See* Hearing date sealed was sealed correction sealed 12-10-10 Judge Linda Lee Presiding. Referr [sic] to seal.

(C.) I conclude argument of Ground #3 because at the time is was ignorant of the facts of this law and my rights and I was ill advised by Vanessa C. Martin advised to seal something that was public record, and belief for this 3rd ground should be granted hearing and grant my petition based of the facts of briefs and record from 11-29-10 in {not legible} the Honorable Judge Culpepper presiding.

Ground #4 I claim an argu [sic] further ineffective assistance of pretrial advocacy from actual proceedings that were closed December 10th, 2010. I am making showing and offer of proof, that in the first two pages, actually to rephrase, the 2nd page of conflict counsel's Vanessa C. Martin's brief's states in the second page, 3rd paragraph [Mr. Greene will not cooperate with examiner.] [Reason for this particular argument is that there was no abolute [sic] validity to that part in the brief, and it was on the record in the closed proceeding [sic] that Ms. Vanessa Martin mislead me about closing the proceedings and sealing.]

Conclusion of Argument of Ground #4" I strenousley [sic] argu [sic] and contend both conflict counsel Vanessa C. Martin, and Judge Linda CJ Lee erred in limbo violating my due process rights, and my Sixth Amendment right to counsel the right to effective advocate.
. . .
Ground #5 I finally conclude my arguments that I was an I still am - - - being denied ineffective assistance of both trial counsel Travis Currie from the department of assigned counsel fail to file motion in crucial parts of both pretrial and trial proceeding based in grounds of insuffient [sic] and lack of evidence.

1       Citing the 6th Amendment Right to Effective Trial Advocate.

2 (Dkt. 12, Exhibit 7).  The Washington State Court of Appeals affirmed the conviction and

3 sentence (Dkt. 12, Exhibit 2).  Petitioner filed a motion for discretionary review and raised the

4 following issues:

5       Issue #1There was no basis for the State's excuse for the amended
information.  The State did not follow and disregarded the order on the August 31,

6 2010, order that if the state intended to use the amended information they had 2
weeks no they had 1 week to do so. So on February 14th 2011, Judge Cuthberson

7 [sic] abuse his discretion for arraignment of the amended information, February
14th 2011.

8

9       Issue #2 On July 6th 2010 I was to attend pre-trial omnibus hearing July 6th
2010.  My counsel Aaron D. Talney {not legible} did not show.  Re-scheduled for

10 July 8th, 2010 *See*: scheduling order dated June 1st, 2010.  Next on the above
shown date Mr. Aaron D. Talney of the Department of Assigned Counsel violated

11 Due Process Right to be present and at a pre-trial proceeding violated my right to
effective advocate by waiving my presence to a pretrial hearing without consent in

12 writing by the Court.  See order for competency motion dated July 8th, 2010.  I
contend this and that day I attempted to inform Mr. Talney I wanted him removed

13 from my case, so he waived my appearance at the hearing.  I want reversal or a
new trial for that fact.

14       Issue #3 I contend my trial attorney waived my objection first by not filing
a motion to dismiss my charges before trial, and to conclude I never said no such

15 words that my trial attorneys filed motions to dismiss my case before trial.  I
contend what the lower court wrote is not what the statement of additional grounds

16 stated or meant and that what the court wrote is surly fraudulent for the pertainent
[sic] fact of issue.

17

18       [Issue # 4 I contend that before February 14th, 2011, there was no record at
all on recorded record I was I was arraigned on this amended information from

19 August 3rd 2010, to December 10th 2010. I challenge the lower court to produce
such a recorded, recorded, record that the court arraigned me on the amended

20 information, information. There was record prior to February 14, 2010 of
arraignment for those amended counts.

21       [Issue # 5 I content [sic] that my trial counsel Travis was inefective [sic]
thats ineffective for on February 14th, 2011 [see: Report of Proceedings Attached]

22 February 14th, 2011 and February 22nd, 2011.  Was ineffective for not after on
February 14th, 2011, when despite Judge Lee's Order in the record I had the State

23 if they had any intentions of arraiging on the amended information the[y] had 1-
week to do this, and failed to do so, so to conclude on February 14, 2012 [sic] I

24

contend Judge Cuthbertson's amendment on the felony stalking had {not legible} harassment was both erroneous and prejudicial and affected the outcome of my trial.

[Issue #6 I contend that on February 22nd, 2011 [see: Report of Proceeding attached I asked and strenuously requested on record that I felt I was intitled [sic] to a showcause hearing or wanted a proper entitled to a evidentiary hearing with my attorney there and was denied. And my counsel did not act on this, and I conclude that effected [sic] the out-come, outcome of my trial. I want a new trial. I am sure the outcome would be different.

[Issue # 7 I contend my appellete [sic] counsels Stephanie C. Cunningham brief was fraudulent for the grounds she did not rise in my opening brief and was denied due process, of effective advocate, violates my sixth amendment right to cousel [sic].

**Argument Why Review Should Be Granted.**

1st Aaron D. Talney of Department of Assinened [sic] Counsel violated these 3-rights on July 8th, 2010 at my omnibus hearing by waiving my appearance in front of the court, to be in or to appear in person. For due process and sixth amendment. "Rule 4.3 B. Presents Required the prosecuting attorney, defense attorney and defendant shall be required to attend the pre-trial hearing." Wrote in my personal restraint petition I was not in the court room and had motioned the prosecutor, the Judge to signed [sic] an order without regard to my due due process right which delayed my trial and speedy trial. Under the Washington Constitution Section 22 of Article One states a criminal defendant has the due process right to attend arraigment, pre-trial, trial and omnibus through all issues see: Untied *States v. Gagnon – State v. Ahern – State v. Tomas Ray Moore* No. 393-0II (2-23-11). I argu [sic] the constitutional right to presence is rooted to a large extent in the fifth amendment, {not legible}, *Illinois v. Allen*, 397 U.S. 337 (1970). But we have reconized [sic] that this right is protected by the due process clause in some situations where the defendant is not confronting witnesses or evidence against him.] *In re Snyder v. Massachusetts,* 291 U.S. 97, (1934). The court explained that a defendant has the due process right to be present at proceeding.] I concede I was not because Mr. Talney left me in the interview room, and would not let me speak in my own behalf. That's a violation and I demand (1) automatic reversal or (2) a new trial. "I further argue that whenever my presence has a relation, reasonable, substantial, to the fullness of his opportunity to defend against charge - - - [The] presence of the defendant is a conditional, thats condition of due process to the extent that a fair and just hearing would be thwarted by his absents, and to, to that extent only.] And in the instance applies on point to me and my case.

*Id.* at 105-106, 108, *see: also Faretta v. California*, 422 U.S. 806, 819 n.15 (1975). The court caustioned [sic] that also caustioned [sic] *In Re Snyder* that exusion [sic] of a trial proceeding should be considered in light of the whole that's the whole

record. 291 U.S. at 115. I next argue this is of constitutional magnitude I argue this under Rule 43 see: granted judgment of this court of appeals reversed.

I now argue the issue of use of evidence the state was relying on and my counsel failed to and should filed motion to dismiss at or after the Febuary [sic] 22nd, 2011 pre trial and the Febuary [sic] 14th, 2011 pre trial hearing. See attached report of proceedings.
I argue citing *U.S. v. Palomba*, 31, F.3d 1456 9th Cir. 1994). The Ninth Circuit found ineffective assistance of counsel where a defendant's trial counsel failed to move to dismiss two counts against him because they were brought more 30 days after his arrest.] I argue on point that the amended information in this instance are on point because it was why past 5 or 6 months, I argue speedy violation, Speedy Trial Act (STA) 18 U.S.C.D. § 3161(b). (1) in *United State v. Palomba* (2) the defendant was convicted on mail fraud wire fraud and making false statements to a federal agency.

(2) see: *Still v. Lockhart* 915 F.2d 342, 344
(3) *U.S. v. Lewis*, 117 F.3d 980, 984, 47 Fed. R. Evidence. Serv. 443 (7th Cir 1997)
I conclude that I was denied ineffective assistance of counsel because her performance was deficient. That was fraudulant [sic].

(Dkt. 12, Exhibit 9 pp. 2-8).  The Washington State Supreme Court denied review without comment (Dkt. 12, Exhibit 10).

Petitioner filed his federal habeas corpus petition in this court and he raised the following grounds for relief:

**Ground One**: True threat requirement, that a threat is a true threat the charging document for felony harassment was defective.

(a) Supporting facts – the State charging document was deficient and did not properly list all of essential, the essential elements of felony harassment.
. . .
**Ground Two:** I contend I was violated the right to attend pre trial hearing.

(a) Supporting facts – I did not upon assignment of counsel from the Dept. of Assigned counsel trust, and I attempted to ask the court for other counsel other than assigned counsel Aaron D. Talney. This was on July 8th, 2010 at {not legible} a scheduled pretrial hearing. I argu [sic] this attorney violated my right to presence to a pretrial hearing, what, when, I told my Aaron D. Talney counsel I wanted to address address [sic] the court, so this attorney notice the judge with the prosecutor to sign order of competency [sic] examination.
 . . .

**Ground Three:** I contend trial counsel should have filed motion to dismiss for insufficient evidence to convict because State did not have case.

(a) Supporting facts – I contend the State did not sufficient evidence to convict me on the 5 no contact orders and should have filed motion to dismissed this motion should have filed motion to dismiss the 5 initial counts before the information was amended erroneously on February 14, 2011, [sic] by Judge Frank Cuthbertson see: Report of Proceedings attached to this writ of habeas corpus.

**Ground Four:** I asked on February 22nd, 2011 [sic] in Judge Edmond Murphys [sic] court room for showcause or evidentiary hearing.

(a) See: report of proceeding dated February 22, 2011 [sic] Edmond P. Murphy Residing I brought up the issue of showcause or request for evidentiary hearing because I contended the States case the States case was seriously questionable in light of the evidence, and in light of the pretrial issues in pretrial proceedings, denied me both showcause or evidentiary hearing.

(Dkt. 4, pp. 5-8, and 10).

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have

1    found him guilty of the crime.  Therefore, this Court concludes that an evidentiary hearing is not

2    necessary to decide this case.

3                                        STANDARD OF REVIEW

4          Federal courts may intervene in the state judicial process only to correct wrongs of a

5    constitutional dimension.  *Engle v. Isaac*, 456 U.S. 107 (1983).  Section 2254 explicitly states

6    that a federal court may entertain an application for writ of habeas corpus "only on the ground

7    that [petitioner] is in custody in violation of the constitution or law or treaties of the United

8    States."  28 U.S.C. § 2254(a) (1995).  The Supreme Court has stated many times that federal

9    habeas corpus relief does not lie for mere errors of state law.  *Estelle v. McGuire*, 502 U.S. 62

10   (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984);

11         A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

12   merits in the state courts unless the adjudication either: (1) resulted in a decision that was

13   contrary to, or involved an unreasonable application of, clearly established federal law, as

14   determined by the Supreme Court; or (2) resulted in a decision that was based on an

15   unreasonable determination of the facts in light of the evidence presented to the state courts.  28

16   U.S.C. §2254(d).   Further, a determination of a factual issue by a state court shall be presumed

17   correct, and the applicant has the burden of rebutting the presumption of correctness by clear and

18   convincing evidence.  28 U.S.C. §2254(e)(1).

19                                             DISCUSSION

20         1.       Exhaustion and procedural bar.

21         Respondent argues that petitioner failed to exhaust properly any of his grounds for relief.

22   Respondent further argues that petitioner cannot return to state court to exhaust his grounds for

23   relief now because any further personal restraint petition would be second or successive (Dkt. 11,

24   pp. 13, 20-21).

A.      Exhaustion.

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court.  As a threshold issue the court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts.  28 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the state; or
> (B)(i) there is an absence of available state corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*, 404 U.S. at 275).  Petitioner must have exhausted the claim at every level of appeal in the state courts.  *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992).  It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made.  *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275 *and Anderson v. Harless*, 459 U.S. 4 (1982)).  Petitioner must present the claims to the state's highest court, even if such review is discretionary.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this

1    section, if he has the right under the law of the State to raise, by any available procedure, the

2    question presented."  28 USCA § 2254(c).

3         Petitioner must present the claims to the state's highest court based upon the same federal

4    legal theory and factual basis as the claims are subsequently asserted in the habeas petition.

5    *Hudson v. Rushen*, 686 F.2d 826, 830 (9th Cir. 1982), *cert denied* 461 U.S. 916 (1983); *Schiers*

6    *v. California*, 333 F.2d 173, 176 (9th Cir. 1964) (petitioner failed to exhaust the claim that the

7    state trial court improperly admitted evidence because petitioner never presented such a claim to

8    the state court).  Specifically, petitioner must apprise the state court that an alleged error is not

9    only a violation of state law, but a violation of the Constitution.  *Duncan v. Henry*, 513 U.S. 364,

10   365-66 (1995).  Vague references to broad constitutional principles such as due process, equal

11   protection, or a fair trial are not enough.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Gatlin v.*

12   *Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000) (petitioner's

13   statement that the state court's cumulative errors denied him a fair trial was insufficient to

14   specifically articulate a violation of a federal constitutional guarantee); *Hiivala v. Wood*, 195

15   F.3d 1098, 1106 (9th Cir. 1999).  Petitioner must include reference to a specific federal

16   constitutional guarantee, as well as a statement of the facts that entitle petitioner to relief.  *Gray*

17   *v. Netherland*, 518 U.S. at 162-163.

18        1.     Petitioner's first ground for relief; the sufficiency of the information.

19        Petitioner did not properly exhaust his first ground for relief regarding the wording of the

20   information and the elements of felony harassment.  Petitioner argues that the threat had to be a

21   "True Threat."  (Dkt. 12, Exhibit 3, p. 1).  Petitioner raised the ground for relief on direct appeal

22   in the Washington State Court of Appeals (Dkt. 12. Exhibit 3, pp. 1, 4-14).  Petitioner failed to

23   raise the ground for relief when he filed his petition for discretionary review (Dkt. 12, Exhibit 9).

24

1   Thus, the ground for relief was not raised at every level of appeal and was not properly

2   exhausted.

3           2.      Petitioner's second ground for relief; his presence at the July 8, 2010 hearing

4   when the court signed an order sending him for mental evaluation.

5           Respondent argues that petitioner failed to exhaust his second ground for (Dkt. 11, p. 19).

6   Respondent argues that petitioner did not present the same claim factually and legally at each

7   stage of review.

8           In the personal restraint petition that petitioner filed simultaneously with his appeal

9   petitioner argued:

10          The sixth amendment to the United States Constitution and Article I, Section 22, of
            the Washington Constitution guarantee a criminal defendant the right to be
11          represented by counsel. *See: Wheat v. United States*, 486 U.S. 153, 159 (1988).
            . . .
12          Ground #1] I argu [sic] ineffective assistance counsel, claiming the main reason for
            the initial conflict was on July 8th then pre trial counsel Aaron D. Talney whom
13          through the States prosecution Niel Horibe threaten me if I did not take a plea deal
            for the statutory amount of 40 to 60 months that the prosecutor was going to add
14          two amended counts of felony harassment, and felony stalking. I claim this was on
            July 8th, 2010 in the copy interview room. Note: This was supposed to be an
15          ominibus review, I further argu [sic] I was not present when that order was sined
            [sic] by the judge, I do not know, or seek what Judge signed the order.
16
    (Dkt. 12, Exhibit 7, p. 6). Thus, petitioner raised this ground for relief in the context of it being
17
    an ineffective assistance of counsel claim and not as an independent Sixth Amendment right to
18
    be present claim.  The Washington State Court of Appeals addressed the claim as an ineffective
19
    assistance of counsel claim (Dkt. 12, Exhibit 2. pp. 20-22).  The Washington State Court of
20
    Appeals held that counsel's performance was not deficient because once petitioner's mental
21
    health became an issue Washington State law made the evaluation mandatory (Dkt. 12, Exhibit
22
    2. pp. 20-22).  Thus, the Washington State Court of Appeals did not consider petitioner's ground
23
    for relief as containing a separate Sixth Amendment right to be present claim.
24

REPORT AND RECOMMENDATION - 16

1    In his motion for discretionary review, petitioner presented the issue to the

2  Washington State Supreme Court in a different way.  Petitioner stated:

3       1st Aaron D. Talney of Department of Assinened [sic] Counsel violated these 3-
        rights on July 8th, 2010 at my omnibus hearing by waiving my appearance in front
4       of the court, to be in or to appear in person. For due process and sixth amendment.
        "Rule 4.3 B. Presents Required the prosecuting attorney, defense attorney and
5       defendant shall be required to attend the pre-trial hearing." Wrote in my personal
        restraint petition I was not in the court room and had motioned the prosecutor, the
6       Judge to signed [sic] an order without regard to my due due [sic] process right
        which delayed my trial and speedy trial. Under the Washington Constitution
7       Section 22 of Article One states a criminal defendant has the due process right to
        attend arraignment, pre-trial, trial and omnibus through all issues see: Untied
8       *States v. Gagnon – State v. Ahern – State v. Tomas Ray Moore* No. 393-0II (2-23-
        11). I argu [sic] the constitutional right to presence is rooted to a large extent in the
9       fifth amendment, {not legible}, *Illinois v. Allen*, 397 U.S. 337 (1970). But we have
        reconized [sic] that this right is protected by the due process clause in some
10      situations where the defendant is not confronting witnesses or evidence against
        him.] *In re Snyder v. Massachusetts,* 291 U.S. 97, (1934). The court explained that a
11      defendant has the due process right to be present at proceeding.] I concede I was
        not because Mr. Talney left me in the interview room, and would not let me speak
12      in my own behalf. That's a violation and I demand (1) automatic reversal or (2) a
        new trial. "I further argue that whenever my presence has a relation, reasonable,
13      substantial, to the fullness of his opportunity to defend against charge - - - [The]
        presence of the defendant is a conditional, thats [sic] condition of due process to
14      the extent that a fair and just hearing would be thwarted by his absents, and to, to
        that extent only.] And in the instance applies on point to me and my case.

15  (Dkt. 12, Exhibit 9, pp. 7-8).  Thus, petitioner shifted his argument from an ineffective assistance

16  of counsel claim to a claim that he had a right to be present under the Sixth Amendment.

17      Petitioner must have exhausted the claim at every level of appeal in the state courts and

18  the claims must be substantially the same at every level. *Ortberg v. Moody*, 961 F.2d 135, 138

19  (9th Cir. 1992).  It is not enough that all the facts necessary to support the federal claim were

20  before the state courts or that a somewhat similar state law claim was made.  *Duncan*, 513 U.S.

21  at 365-66 (*citing Picard*, 404 U.S. at 275 *and Anderson v. Harless*, 459 U.S. 4 (1982)).    The

22  Court asked for additional briefing on this ground for relief (Dkt. 32).  Respondent replied

23

24

claiming that petitioner did not properly exhaust his second ground for relief (Dkt. 35).

Respondent states:

> In order to exhaust the federal habeas claim, petitioner *must have fairly presented to the state courts the substance* of his federal habeas claim. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982) (citations omitted) (emphasis added). "[T]he prisoner must "fairly present" his claim *in each appropriate state court* (including a state supreme court with powers of discretionary review) . . . alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added) (citations omitted).

(Dkt. 35, p. 2).  Respondent further argues that when petitioner placed a "cryptic single phrase" within another claim he did not fairly present the claim to the state court (Dkt. 35, p. 2).  The Washington State Court of Appeals certainly did not believe there was a free standing Sixth Amendment right to be present claim in the case and did not address that issue. Accordingly, the claim was not fairly presented.  The Court recommends finding that petitioner's second ground for relief is not properly exhausted.

       3.      Ineffective assistance of counsel for failing to file a motion to dismiss the five counts of violating a domestic violence court order.

Petitioner did not raise this claim at every level of review.  In his statement of additional grounds on direct appeal he argued that the court should have dismissed his entire case based on its inherent power and that counsel was ineffective in not filing motions including a "*Knapstad*" motion (Dkt. 12, Exhibit 4, p. 2).  In his statement of additional grounds for relief petitioner argued:

> I am further contending and arguing I was prejudice the right to fair proceedings, when the court on at least erroneously denied my motions to dismiss the charges of 5-counts of DV no contact order because the state did not have sufficient evidence before trial, and should have been granted a showcause hearing or something of the nature, Date May 5th, 2011 Honorable Edmund Murphy.

(Dkt. 12, Exhibit 5).  Petitioner did not raise a specific violation of any federally protected right or claim that he was ineffectively assisted by counsel.

In his Personal Restraint Petition petitioner stated:

1

2

3      I finally conclude my arguments that I was an I still am - - - being denied
       ineffective [sic] assistance of both trial counsel Travis Currie from the department
4      of assigned counsel fail to file motion in crucial parts of both pretrial and trial
       proceeding based in grounds of insuffient [sic] and lack of evidence.
5
       Citing the 6th Amendment Right to Effective Trial Advocate.
6

7  (Dkt. 12, Exhibit 7).  Petitioner does not indicate what motion should have been filed or

   providing any support for his argument.  Nor did petitioner articulate this claim in the other
8
   courts.
9
       In his motion for discretionary review, petitioner stated:
10
       I contend my trial attorney waived my objection first by not filing a motion to
11     dismiss my charges before trial, and to conclude I never said no such words that
       my trial attorneys filed motions to dismiss my case before trial.  I contend what the
12     lower court wrote is not what the statement of additional grounds stated or meant
       and that what the court wrote is surly fraudulent for the pertainent [sic] fact of
13     issue.

14  (Dkt. 12, Exhibit 9, p. 3).  Petitioner also stated later in the motion for discretionary

15  review that he was claiming ineffective assistance of counsel based on counsel's failure

16  to move to dismiss charges because he was not arraigned in a timely manner (Dkt. 12,

17  Exhibit 9, pp. 8-9).

18      In his federal habeas petition, petitioner raises this ground for relief as a federal

19  denial of his Sixth Amendment right to counsel and claims:

20     I contend trail counsel should have filed a motion to dismiss for insufficient evidence
       to convict because the state did not have a case.
21
       Supporting facts – I contend the State did not sufficient evidence to convict me on the
22     5 no contact orders and should have filed motion to dismissed this motion should
       have filed motion to dismiss the 5 initial counts before the information was amended
23     erroneously on February 14, 2011, [sic] by Judge Frank Cuthbertson see: Report of
       Proceedings attached to this writ of habeas corpus.
24

REPORT AND RECOMMENDATION - 19

(Dkt. 4 p. 8).  Petitioner had changed the factual or legal basis for this ground for relief at each stage of review.  In the only reasoned decision from the state court, the court addressed his claims holding that he did not file a "*Knapstad*" motion and also holding that the record did not support petitioner's claim that counsel was ineffective in failing to dismiss his five counts of violating a court order. "The record does show, however, that when the jury was unable to return a verdict on these five counts, the trial court declared a mistrial and dismissed these counts without prejudice. Thus, this assertion also lacks support in the record." (Dkt. 12, Exhibit 2. p. 12).  The Court recommends finding that petitioner did not properly exhaust his ground for relief because he did not clearly raise the same claim on the same facts at each level of review.

    4.  Failure to obtain an evidentiary hearing.

    Petitioner argues that he requested a motion to dismiss for lack of evidence (Dkt. 4, p. 10). Petitioner did not present this issue as a federal constitutional violation when he filed his motion for discretionary review with the Washington State Supreme Court.  Petitioner stated:

> [Issue #6 I contend that on February 22nd, 2011 [see: Report of Proceeding attached I asked and strenuously requested on record that I felt I was intitled [sic] to a showcause hearing or wanted a proper entitled to a evidentiary hearing with my attorney there and was denied. And my counsel did not act on this, and I conclude that effected [sic] the out-come, outcome of my trial. I want a new trial. I am sure the outcome would be different.

(Dkt. 12, Exhibit 9, p. 4). Thus, the ground for relief was not raised as a federal claim at every level of review.  The Court recommends finding that petitioner did not properly exhaust this ground for relief.

    2.    Procedural bar.

    "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims

1    will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750

2    (1991).

3           A.      Cause & Actual Prejudice.

4           To show cause in federal court, petitioner must show that some objective factor, external

5    to the defense, prevented petitioner from complying with state procedural rules relating to the

6    presentation of petitioner's claims. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (*citing*

7    *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Examples which may satisfy "cause" include

8    "interference by officials" that makes compliance with state procedural rules impracticable, "a

9    showing that the factual or legal basis for a claim was not reasonably available to counsel", or

10   "ineffective assistance of counsel." *McCleskey*, 499 U.S. at 494 (*citing Murray*, 477 U.S. at 488).

11          "Prejudice" exists if the alleged errors were of constitutional dimensions and worked to

12   the defendant's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170

13   (1982).  The mere possibility of prejudice is not enough to show cause. *Id.*  For example, in

14   *Frady*, the court held that a potentially imprecise jury instruction as to whether that petitioner

15   acted with malice in commission of the crime was not a prejudicial error given the otherwise

16   "overwhelming" evidence of malice. *Id.* at 171 (the court emphasized that "it would be a

17   different case" had petitioner presented affirmative evidence of wrongful conviction).

18          Alternatively, in an "extraordinary case," this court may grant the writ without a showing

19   of cause and prejudice to correct a "fundamental miscarriage of justice" if petitioner can show

20   that the conviction is the result of a constitutional violation and that petitioner is actually

21   innocent. *Murray*, 477 U.S. at 495-96.

22          Petitioner does not show cause for his procedural default.  Petitioner wrote his statement

23   of additional grounds, his personal restraint petition, and his motion for discretionary review (Dkt.

24

1   12, Exhibits 4, 7, and 9).  He cannot blame counsel for the content of the pleadings.  Petitioner

2   simply did not set forth the same grounds for relief based on the same facts at each level of

3   review.  Because petitioner does not show cause the Court does not consider the prejudice prong

4   of the analysis.

5          B. Actual innocence.

6          If a petitioner fails to comply with procedural requirements in seeking federal habeas

7   review, ordinarily a court would dismiss the claim as procedurally defaulted.  *See House v. Bell*,

8   547 U.S. 518, 536 (2006).  However, a petitioner who would be otherwise procedurally barred

9   from bringing a federal habeas claim may be able to obtain habeas review if petitioner can come

10  forward with sufficient proof of actual innocence to bring him or her "within 'the narrow class of

11  cases...implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15

12  (1995) (*quoting McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

13         Petitioner can show "actual innocence" if the "evidence of innocence [is] so strong that a

14  court cannot have confidence in the outcome of the trial." *See Schlup*, 513 U.S. at 316. "The

15  meaning of actual innocence . . .  does not merely require a showing that a reasonable doubt

16  exists in the light of the new evidence, but rather that no reasonable juror would have found the

17  defendant guilty." *Schlup*, 513 U.S. 298, 329 (1995). "It must be presumed that a reasonable

18  juror would consider fairly all of the evidence presented.  It must also be presumed that such a

19  juror would conscientiously obey the instructions of the trial court requiring proof beyond a

20  reasonable doubt." *Id*.  This standard "does not require absolute certainty about petitioner's guilt

21  or innocence", but it permits review only in the "extraordinary case." *House*, 547 U.S. at 538

22  (*citing Schlup*, 513 U.S. at 327).  Actual innocence is not a constitutional claim upon which

23  habeas relief may be granted. *House*, 547 U.S. at 518 (2006).  It is merely a gateway to allow a

24

REPORT AND RECOMMENDATION - 22

1   federal court to review a claim which would otherwise be dismissed for failure to comply with

2   procedural requirements. *Schlup*, 513 U.S. at 314-35.

3        Petitioner  cannot show actual innocence.  The Washington State Court of Appeals

4   considered if the evidence supported the convictions for stalking and felony harassment (Dkt. 12.

5   Exhibit 2, pp 12-16).  Petitioner comes forward with no new evidence that would call the jury's

6   verdict into doubt.  The Court recommends denying this habeas corpus petition as procedurally

7   barred.

8   CERTIFICATE OF APPEALLABILITY

9        Petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district

10   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

11   (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

12   has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §

13   2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could

14   disagree with the district court's resolution of his constitutional claims or that jurists could

15   conclude the issues presented are adequate to deserve encouragement to proceed further."

16   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

17   (2000)).  Pursuant to this standard, this Court concludes that petitioner is entitled to a certificate

18   of appealability with respect to this petition.

19        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

20   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ.

21   P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de

22   novo review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time

23

24

REPORT AND RECOMMENDATION - 23

1  limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration

2  on November 7, 2014, as noted in the caption.

3       Dated this 21st day of October, 2014.

 

 

                                               J. Richard Creatura
                                               United States Magistrate Judge